# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HEDEEN INTERNATIONAL, LLC,
d/b/a FUN CITY USA,

        Plaintiff,

  v.                                      Case No. 14-C-304

OZWEST, INC, ZING TOYS, INC., and
PETER CUMMINGS,

        Defendants.

## ORDER DENYING [9] DEFENDANT'S MOTION TO DISMISS

Plaintiff Hedeen International, LLC brings this diversity action asserting claims for unpaid royalties against defendants OzWest, Inc., its principal, Peter Cummings, and Zing, a trade name that Cummings allegedly used while doing business for OzWest and Zing Toys, Inc., a now-defunct entity. Hedeen alleges that it is a Wisconsin LLC with members who reside in Wisconsin, that Cummings is an Oregon resident, and that OzWest and Zing Toys, Inc. were or are incorporated in Oregon with principal places of business in Oregon. The dispute arises from a license agreement between Hedeen and OzWest effectuated in February 2003 which required OzWest to pay quarterly royalties to Hedeen in exchange for the exclusive opportunity to distribute the "Backfire Football" in a given territory. Hedeen contends that the license agreement covers modifications to its invention and that OzWest owes royalties for other products that substantially mimic the properties of the Backfire Football.

OzWest filed a motion to dismiss on May 21, 2014, asserting that Hedeen's initial complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 9). In its motion brief,

OzWest argued that the license agreement is void *ab initio* because the Backfire Football infringes a patent issued in 2001. OzWest further argued that Hedeen's state law breach of contract and unjust enrichment theories are preempted by federal patent and copyright remedies. OzWest asked the Court to take judicial notice of the 2001 patent as well as two other patents issued in 2011 and 2013. (ECF Nos. 11 & 13.) OzWest contends that some of the products identified in Hedeen's complaint are based on the 2011 and 2013 patents and not derivatives of the Backfire Football.

Hedeen subsequently amended its complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) on June 10, 2014, and attached a copy of the license agreement. (ECF No. 14). Hedeen contends that OzWest's motion is moot based on Hedeen's amendments and also asserts that OzWest's motion impermissibly adds extrinsic evidence to a 12(b)(6) motion. (ECF No. 15.) OzWest did not file a reply brief. Instead, OzWest filed a motion to dismiss the amended complaint on July 7, 2014, on the same grounds.

Based on the foregoing, OzWest's motion to dismiss the initial compliant (ECF No. 9) is denied as moot. Hedeen should filed a response to OzWest's second motion to dismiss (ECF No. 16) within 21 days of this order, and OzWest will have 14 days thereafter to file its reply. If Hedeen objects to the court considering matters outside the pleadings, it should include its objection in its response to OzWest's motion.

**SO ORDERED** this ___9th___ day of July, 2014.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court